DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Huron County Court of Common Pleas. Because we conclude that the trial court did not commit prejudicial error and that appellant received effective assistance of counsel, we affirm.
 {¶ 2} Appellant, Stanley Tillman, pled guilty to and was convicted of one count of robbery, a violation of R.C.2911.02(A)(3) and a felony of the third degree. The conviction stemmed from allegations that appellant attacked a clerk in an attempt to rob a Dairy Mart store located in Norwalk, Huron County, Ohio. Besides the clerk's eye-witness identification, appellee, the state of Ohio, also had evidence of appellant's actions from the store's security video tape which allegedly showed appellant entering the store with his shirt pulled up around his face and his subsequent altercation with the clerk. After lengthy negotiations, the parties came to a plea agreement in which the state amended the original second degree robbery charge to a third degree robbery; appellant also agreed to a joint recommendation of the maximum sentence of 5 years. After conducting a personal inquiry, the trial court accepted appellant's guilty plea and sentenced him to 5 years, per the recommendation.
 {¶ 3} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v.California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review.
 {¶ 4} Counsel essentially argues three potential errors "that might arguably support the appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has, in fact, filed his own pro se brief, confirming that he received notice from counsel. Thus, we conclude that counsel's brief is consistent with the requirements set forth inAnders, supra and Penson v. Ohio (1988), 488 U.S. 75.
 {¶ 5} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. In addition, we will also review appellant's pro se assignments of error as a direct appeal.
 {¶ 6} Counsel for appellant argues three proposed assignments of error:
 {¶ 7} "I. The trial court abused its discretion when it imposed the maximum sentence upon the defendant/appellant.
 {¶ 8} "II. Appellant was denied the effective assistance of counsel.
 {¶ 9} "III. The trial court abused its discretion when it denied appellant the right of appeal."
 {¶ 10} In his pro se brief, appellant presents three assignments of error which essentially mirror the three assignments of error presented by his appellate counsel. Therefore, appellant's assignments of error and the proposed assignments of error may be addressed together.
 I {¶ 11} In his first assignment of error, appellant argues that the trial court erred in imposing the maximum sentence.
 {¶ 12} The plain language of R.C. 2953.08 (D) provides that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." See, also, State v.McCladdie, 8th Dist. No. 81387, 2003-Ohio-1726; State v.Walls, 6th Dist. No. E-01-021, 2002-Ohio-3578. Although R.C.2953.08(D) forecloses review of the actual sentences imposed by the judge pursuant to an agreed sentence upon a plea of guilty, appellate review of the judge's compliance with the dictates of Crim.R. 11(C), which governs the taking of guilty pleas, is still proper. State v. Sattiewhite (Jan. 31, 2002), Cuyahoga App. No. 79365. Since entering a guilty plea results in serious consequences, a trial court must be sure that a criminal defendant's plea represents a voluntary and intelligent choice among the alternatives available to the defendant. State v.Griffin (Jul. 24, 1998), Hamilton App. Nos. C-970507, and C-970527. See, also, State v. Ballard (1981),66 Ohio St.2d 473.
 {¶ 13} Generally, a defendant knowingly and voluntarily enters a guilty plea if the trial court advised the defendant of the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge, and that the defendant will be waiving certain constitutional rights by entering his plea. State v. Kelley (1991), 57 Ohio St.3d 127, 128-129. Crim.R. 11(C)(2) provides:
 {¶ 14} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 16} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 17} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} In this case, as part of a plea agreement, appellant pleaded guilty to one count of robbery, a violation of R.C.2911.02(A)(3). The agreement included the parties' joint recommendation that appellant be sentenced to the maximum term of five years, the lawful maximum sentence for a felony of the third degree under R.C. 2929.14(A)(3). Therefore, pursuant to R.C.2953.08(D) we decline to review the length of the sentence given. The extent of our review is limited to whether the court complied with Crim.R. 11 and if appellant's plea was intelligent, knowing and voluntary.
 {¶ 19} Appellant, not a first-time offender, claims that he did not understand the meaning of "joint recommendation" and yet, later argues that he expected to receive a different "joint recommendation." The record shows that the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences, specifically asking appellant if he agreed to the joint recommendation for the maximum sentence of five years. To all questions, appellant answered that he understood and agreed with the terms of the joint recommendation. Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. Consequently, despite appellant's current protestations, the record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea. Therefore, appellant's arguments as to his sentence are wholly without merit.
 {¶ 20} Accordingly, appellant's first assignment of error is not well-taken; counsel's first proposed assignment of error is without merit.
 II {¶ 21} Appellant, in his second assignment of error, argues that he was denied his constitutional right to effective assistance of trial counsel. Appellant essentially argues that trial counsel was ineffective because he delayed showing appellant the Dairy Mart security video tape until December 2001, failed to meet with him to discuss his case, and failed to interview witnesses who would testify on appellant's behalf.
 {¶ 22} In order to prove ineffective assistance of counsel, a defendant must show (1) that defense counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See, also, Strickland v. Washington (1984),466 U.S. 668, 694. A guilty plea breaks the criminal process and results in the defendant's waiver of the right to challenge the propriety of any actions taken by a trial court or trial counsel prior to that point in the proceedings, unless it affected the knowing and voluntary character of the plea. State v. Madeline
(Mar. 22, 2002), 11th Dist. No. 2000-T-0156. To affect the validity of a plea, a defendant must show that the ineffective assistance precluded him from entering the plea knowingly and voluntarily. State v. Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶ 24; see, also, State v. Spates (1992),64 Ohio St.3d 269, 272.
 {¶ 23} In this case, while trial counsel may not have met with appellant as often as he wished, nothing in the record suggests that counsel did not represent appellant effectively. Counsel filed a motion in limine to try to prevent introduction of appellant's other acts and represented appellant at the hearing. This motion was granted, in part, demonstrating that counsel's actions aided appellant's defense. Although appellant claims that his counsel's actions "forced" him into accepting the plea, nothing in the record supports this contention. Consequently, appellant has not established the first prong ofStrickland, that trial counsel's representation fell below the objective standard of reasonableness. Therefore, appellant's claim is without merit.
 {¶ 24} Accordingly, appellant's second assignment of error is not well-taken; counsel's second proposed assignment of error is without merit.
 III {¶ 25} Appellant, in his third assignment of error, contends that the trial court erred "when it waived the appellant's right to appeal the outcome of his plea."
 {¶ 26} As we previously discussed, R.C. 2953.08(D) specifically provides that after a guilty plea and agreement as to the sentence received, a defendant has no right to appeal the sentence imposed. In this case, prior to accepting his guilty plea, the trial court properly advised appellant of the consequences of entering such a plea. The court simply informed him of the legal ramifications of the plea agreement terms and that appellant was, under current statutory law, voluntarily waiving certain rights, including the right to appeal the terms of his sentence. Thus, rather than waiving appellant's right to an appeal, the trial court protected appellant's rights. Moreover, since the trial court imposed the exact sentence that appellant agreed to on the record in open court, we conclude that the trial court committed no error. As we previously noted, nothing in the record indicates that appellant's plea was anything but intelligent, knowing, and voluntary.
 {¶ 27} Accordingly, appellant's third assignment of error is not well-taken; counsel's third proposed assignment of error is without merit.
 {¶ 28} After a complete review of the record, appellant's assignments of error, and counsel's proposed assignments of error, we conclude that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., ArleneSinger, J. Concur.