DECISION AND JUDGMENT ENTRY
{¶ 1} Herman Turner appeals his no contest plea to possession of one to five grams of crack cocaine, a violation of R.C.2925.11(A) and (C)(4)(b) — a felony of the fourth degree from the Lucas County Court of Common Pleas. Because we conclude that appellant's case presents no arguable issues meriting review, this appeal is determined to be without merit. We, therefore, affirm his no contest plea and grant his appellate counsel's motion to withdraw.
 {¶ 2} Turner was indicted on one count of possession of five to ten grams of crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(c) — a felony of the third degree. At a hearing held on March 11, 2003, he entered a no contest plea to a lesser possession of crack cocaine charge. The trial court explained to Turner all of his rights, and Turner stated he understood them.
 {¶ 3} Before the trial court accepted the no contest plea, the prosecuting attorney related what it would have been proven at trial beyond a reasonable doubt. He stated that the police interrupted a drug deal at 2100 Consaul Street in Toledo, Ohio. Evidence would have shown that as the police approached the automobile where the deal was taking place, several people fled from the car. They saw Turner, sitting in the driver's position, shove something into the seat. The officers then undertook an investigative stop and found a baggie containing two large rocks of crack cocaine stuffed into the seat near Turner's hand. Tests performed later by the Toledo police crime lab confirmed that the baggie contained 5.44 grams of crack cocaine.
 {¶ 4} After Turner reviewed and signed the proper forms, the trial court found him guilty. At the sentencing hearing on April 15, 2003, Turner was placed in the work release program as part of community control. The court told Turner if he violated community control provisions, he would be sentenced to prison for a year. Turner did not comply with his work release, and at a community control hearing where after he admitted the violations, the trial judge imposed the twelve month prison term.
 {¶ 5} Turner's appellate counsel filed a brief, according toAnders v. California (1967), 386 U.S. 738, stating that there were no arguable issues on appeal along with a motion to withdraw as counsel. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; and (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case. See also, State v. Artiaga, 6th Dist. No. L-02-1021, 2003-Ohio-2357, at ¶ 5.
 {¶ 6} Appellate counsel argues three potential assignment of error: (1) that Turner did not receive effective assistance of counsel; (2) that the trial court did not strictly comply with Crim.R. 11; and (3) that the trial court did not fully comply with Crim.R. 32.3. These arguments are without merit.
 {¶ 7} The appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent.Strickland v. Washington (1984), 466 U.S. 668, 687-689; Statev. Lott (1990), 51 Ohio St.3d 160, 174. To meet this burden of proof, he must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty.Strickland, supra.; State v. Smith (1985), 17 Ohio St.3d 98,100. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of syllabus; State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108.
 {¶ 8} In discussing the issue of attorney competence, the Ohio Supreme Court observed: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [Citations omitted]" State v. Frazier (1991),61 Ohio St.3d 247, 253.
 {¶ 9} This presumption means that a great amount of deference must be given to counsel's trial strategy. State v. Carter
(1995), 72 Ohio St.3d 545, 558. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith (2000), 89 Ohio St.3d 323, 328; Statev. Clayton (1980), 62 Ohio St.2d 45, 49.
 {¶ 10} In this case, Turner's counsel was far from ineffective, as she was able to convince the prosecution to lower the charge against her client and successfully argue that the presumption for prison should be overcome. There was a no contest plea in this case. For an ineffective assistance claim, Turner was required to show that he did not enter his plea knowingly and voluntarily. See State v. Tillman, 6th Dist. No. H-02-004, 2004-Ohio-1967, at ¶ 22. After reviewing the record and especially Turner's own words affirming that he was entering the plea knowingly and voluntarily, we find no evidence of an uninformed plea.
 {¶ 11} Turner's potential claims of ineffective assistance of counsel all concern evidence that was outside the record. Thus, he has presented nothing under App.R. 9 to reverse his conviction. His remedy was to file a motion for postconviction relief. State v. Watts (Sept. 27, 1985), 6th Dist. No. Cr 84-5026. See also, State v. Elson (Apr. 30, 1999), 6th Dist. No. L-98-1156. Turner did file a postconviction motion. That motion was denied and not appealed. Thus, the potential assignment of error for ineffective assistance of counsel is baseless.
 {¶ 12} Turner's argument that the court did not strictly comply with Crim.R. 11 is also not persuasive. Before accepting a no contest plea for a felony, a trial court must substantially comply with Crim.R. 11(C), which recites the procedure for a court to accept a plea. State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 13} After thoroughly reviewing the record, we find the trial court more than met the technical requirements of Crim.R. 11(C) when it accepted Turner's no contest plea. There is no question in light of Turner's own words at the plea hearing that the no contest plea was knowingly and voluntarily entered into.
 {¶ 14} Finally, Turner's contention that the court did not fully comply with Crim.R. 32.3 is mistaken. A defendant need not be given the full panoply of rights at a community control revocation hearing. State v. Martin, 6th Dist. No. S-02-012, 2002-Ohio-5202, at ¶ 7; State v. Artiaga, 6th Dist. No. L-02-1021, 2003-Ohio-2357, at ¶ 13; State v. Malone, 6th Dist. No. L-03-1299, 2004-Ohio-5246, at ¶ 14. All the requirements of Crim.R. 32.3 were met here: a hearing was held, Turner was present with counsel at the hearing, and he was informed of the grounds of the community control violation.
 {¶ 15} This case presents no arguable issues meriting review and is wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal as specified under App.R. 24.
JUDGMENT AFFIRMED.