DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction and sentence for sex offender failure to verify residence in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 1984, appellant, Jose Campos, Jr., was convicted of rape and gross sexual imposition. In 1997, appellant was required to register as a sex offender in Richland County, Ohio. Appellant moved, and for the next several years registered and *Page 2 
verified his residence in Lucas County, Ohio. Appellant failed to verify his residence in 2001. Appellant subsequently was charged with failure to verify residence. On January 27, 2003, Appellant pled no contest to one count of failure to verify in violation of R.C. 2950.06(F) and was found guilty and sentenced to community control for two years.
 {¶ 3} When, in 2004, appellant again did not verify his residence, he was once again indicted for failure to verify, a felony of the third degree. On January 3, 2006, appellant pled no contest to the second indictment in exchange for the state's recommendation that community control be terminated in the first case. Upon the plea of no contest, the trial court found appellant guilty. Appellant was sentenced to three years in prison. From this judgment of conviction and sentence, appellant now brings this appeal.
 {¶ 4} Appellant asserts the following assignments of error:
 {¶ 5} "1. The trial court erred in finding the Appellant guilty of failure to verify in violation of R.C. 2950.06(F) and 2950.99(A). The Appellant was not a person required to register or verify pursuant to R.C. 2950.06(F).
 {¶ 6} "2. The Appellant was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution."
 {¶ 7} In his first assignment of error, appellant claims exemption from the R.C. 2950.06(F) requirement to register as a sex offender.
 {¶ 8} R.C. 2950.04(A)(1) enumerates the individuals who are required to register as sex offenders. R.C. 2950.04(A)(1) applies to: *Page 3 
 {¶ 9} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term * * * on or after July 1, 1997, is released * * *
 {¶ 10} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A) (1) (a) of this section does not apply;
 {¶ 11} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950 of the Revised Code."
 {¶ 12} Those individuals required to register by R.C. 2950.04(A) (1) are also required by R.C. 2950.06 to verify residence.
 {¶ 13} Appellant argues the R.C. 2950.04(A) (and therefore also R.C.2950.06(F) and 2950.99(A)) does not apply to him because he was sentenced in 1984 and released on parole in 1996.
 {¶ 14} Appellant relies on a document designated as the Certificate of Incarceration to show that he was not required by statute to register and verify as a sex offender. The Certificate of Incarceration showed appellant's parole on May 23, 1996. Appellant attached the Certificate of Incarceration to his pro se motion for delayed appeal. *Page 4 
 {¶ 15} Appellate courts are limited to reviewing evidence in the record. App.R. 9. The composition of the record on appeal is limited to "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A).
 {¶ 16} Appellant made no claim before the trial court that R.C.2950.04(A)(1) was inapplicable to him. There is nothing in the trial court record, as defined in App.R. 9, which indicates appellant's release from incarceration before 1997.
 {¶ 17} An appellate court "cannot consider exhibits, affidavits, or `other matters attached for the first time to an appellate brief which were not properly certified as part of the trial court's original record and submitted to the court of appeals.'" State v. Pingor, 10th Dist. No. 01AP-302, 2001-Ohio-4088, citing App. R. 9(A); Isbell v. Kaiser Found.Health Plan (1993), 85 Ohio App. 3d 313, 318. Because appellant first filed the Certificate of Incarceration with his appellate filing, it is not part of the record, and we cannot review it on appeal. It may, however, be a proper basis for a motion for post-conviction relief, should appellant choose to file one in the future.
 {¶ 18} Further, appellant pled no contest to the charge in the trial court. "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *" Crim.R. 11(B)(2). Before a plea of no contest, Crim.R. 11(C)(2) requires a trial judge to inform a defendant of the nature of a no contest plea. The trial judge in the present case complied with that *Page 5 
obligation. Appellant was fully informed of the nature of a no contest plea and, as a consequence of that plea, admitted the facts as alleged.
 {¶ 19} The issue then becomes whether the trial judge properly made a finding of guilty. "[W]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, 584, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425. "Although the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 424, citing State v. Gilbo (1994), 96 Ohio App.3d 332,337; State v. McCuen (June 16, 1995), 7th Dist. No. 92-C-83.
 {¶ 20} When a plea of no contest is made, the state need not prove the case against the defendant. Rather, the state is only required to allege sufficient facts to charge a violation. Bird at 584. If the state alleged sufficient facts to charge a violation, the trial court properly made a finding of guilty. In his brief, appellant refers to a statement made by the prosecutor at the sentencing hearing in which the prosecutor refers to appellant's release in 1997. Appellant contends that the prosecutor's statement was factually incorrect and therefore a finding of guilty was not appropriate. However, the actual veracity of the prosecutor's statement is irrelevant in the present case. The state was *Page 6 
merely required to submit allegations of facts sufficient to charge a violation. That is to say, the state was required to allege facts that, if true and provable, would support a valid conviction of the alleged violation. In the present case, the state did allege facts sufficient to charge the violation, and, in the act of pleading no contest, appellant admitted to those facts as alleged. The trial judge was therefore required to make a finding of guilty, and properly did so. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 21} In his second assignment of error, appellant asserts that his trial counsel should have been aware that R.C. Chapter 2950 was inapplicable to him and should not have allowed him to plead no contest. Appellant, therefore, contends that he received ineffective assistance of counsel. The Supreme Court has set a high bar for establishing ineffective assistance of counsel. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100. *Page 7 
 {¶ 22} In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v.Smith, supra. Appellant does supply an argument purporting that his trial counsel was ineffective. However, appellant's argument relies on evidence not in the record under App.R. 9. the Certificate of Incarceration attached to his motion for delayed appeal. Appellant asserts that trial counsel should have recognized that he was not incarcerated on or after July 1, 1997, and R.C. 2950 was inapplicable. Although the Certificate of Incarceration indicates a parole date of May 23, 1996, that evidence is not in the record and cannot, in this direct appeal, be used to prove ineffective assistance of counsel.
 {¶ 23} We have previously held, "To affect the validity of a plea, a defendant must show that the ineffective assistance precluded him from entering the plea knowingly and voluntarily." State v. Tillman, 6th Dist. No. H-02-004, 2004-Ohio-1967, ¶ 22, citing State v. Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶ 24. Appellant provides no evidence whatsoever supporting an assertion that he did not enter a plea knowingly and voluntarily. The record indicates that the trial judge informed appellant of the nature of a no contest plea in accordance with Crim.R. 11(C) (2) and that appellant knowingly and voluntarily entered into the plea of no contest. Accordingly, appellant's second assignment of error in not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 8 
of App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J. Arlene Singer, J. William J. Skow, J., CONCUR. *Page 1