[Cite as *State v. Reed*, 2015-Ohio-3534.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                       |
|--------------------------|---|-------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.      |
|                          | : | Hon. Patricia A. Delaney, J.  |
| Plaintiff-Appellee       | : | Hon. Craig R. Baldwin, J.     |
|                          | : |                               |
| -vs-                     | : |                               |
|                          | : | Case No. 14-COA-010           |
| PHILLIP G. REED          | : |                               |
|                          | : |                               |
| Defendant-Appellant      | : | O P I N I O N                 |


CHARACTER OF PROCEEDING:        Criminal appeal from the Ashland County
                                Court of Common Pleas, Case No.13-CRI-
                                112

JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         August 28, 2015

APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant

PAUL T. LANGE                           MATTHEW J. MALONE
ASSISTANT PROSECUTING ATTORNEY          10 East Main Street
110 Cottage Street                      Ashland, OH 44805
Ashland, OH 44805

*Gwin, P.J.*

{¶1}    Appellant, Phillip G. Reed, was indicted on a variety of offenses resulting from his involvement in several burglaries.  He negotiated a plea wherein he plead guilty to one count of burglary which was a felony of the second degree, two counts of burglary which were felonies of the third degree, one count of theft from an elderly person, a felony of the fifth degree, and two counts of petty theft.  Appellant was sentenced to a term of imprisonment of six years on the felony three burglary count along with a $2,000.00 fine, a prison term of two years on the remaining two burglary counts as well as a $1,000.00 fine, one year in prison for theft from the elderly with a $500.00 fine, 180 days in jail and a $500.00 fine on each of the petty theft counts.  The two third degree felony burglaries were ordered served concurrently with one another but consecutive to the theft from the elderly sentence.  The misdemeanors were ordered served concurrently with the felony sentences.  This resulted in an aggregate prison sentence of nine years with fines totaling $5,500.00.

{¶2}    Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error.  Appellant has not raised any additional assignments of error pro se.

{¶3}    In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that

could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶4} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738.

## POTENTIAL ASSIGNMENTS OF ERROR

### I.

{¶5} "WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING APPELLANT'S GUILTY PLEA."

### II.

{¶6} "WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF ITS DISCRETION."

{¶7} We now will address the merits of Appellant's potential Assignments of Error.

### I.

{¶8} In his first potential Assignment of Error, Appellant suggests the trial court did not comply with Crim.R. 11 in accepting Appellant's plea.

{¶9} Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally, to convey certain information to such defendant, and prohibits acceptance of a guilty plea or no contest without performing these duties. *State v. Holmes,* 5th Dist. No. 09 CA 70, 2010–Ohio–428, ¶ 10. Crim.R. 11(C)(2)(a) states the trial court must determine,

> * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶10} "Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶11} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [ *State v.. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have

otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. **\*3** *See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20." *State v. Alexander*, 2012-Ohio-4843 *appeal not allowed,* 2013-Ohio-902, 134 Ohio St. 3d 1485, 984 N.E.2d 29.

{¶12} A review of the plea hearing reveals the trial court advised Appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post release control. Further, the trial court inquired as to the voluntariness of Appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, therefore, this potential assignment of error is found to be without merit.

{¶13} Appellant's first Assignment of Error is overruled.

II.

{¶14} In his second potential assignment of error, Appellant challenges the sentence imposed by the trial court.

{¶15} The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

{¶16} We find the sentences imposed were not clearly and convincingly contrary to law. The sentences in this case were imposed within the statutory range provided in R.C. 2929.14. We also find the trial court made the requisite statutory findings in

support of imposing consecutive sentences as required by *State v. Bonnell,* 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E. 3d 659, ¶ 37.

**{¶17}** Having reviewed the sentence, sentencing factors found in R.C. 2929.12, the facts surrounding the crimes, and Appellant's extensive criminal history, we also find the trial court did not abuse its discretion in imposing the sentence in this case.

**{¶18}** Appellant's second proposed assignment of error is overruled.

**{¶19}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur