[Cite as *State v. Curry*, 2016-Ohio-401.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2015-0005 |
| | : | |
| PATRICK M. CURRY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2014-0132


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      January 29, 2016


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

D. MICHAEL HADDOX                      ERIC J. ALLEN
MUSKINGUM CO. PROSECUTOR               713 S. Front St.
27 North Fifth St., P.O. Box 189       Columbus, OH 43206
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Patrick M. Curry appeals from the November 3, 2014 Sentencing Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from appellee's statement at the change-of-plea and sentencing hearing before the trial court on October 27, 2014.

{¶3}   Appellant followed an adult female victim shopping in a Wal-Mart in Muskingum County, Ohio, throughout the store.  The victim briefly returned to her car to put packages inside and returned to the store.

{¶4}   Appellant was videotaped attempting to enter the victim's car while wearing a pair of black gloves.

{¶5}   Appellant then followed the victim back into the store, grabbed the victim, and sexually assaulted her.  The victim called her husband and police.  A witness provided police with a description of the man observed following the victim throughout the store.  A second witness identified appellant as the assailant because the witness knew him.

{¶6}   Police went to appellant's house and found him wearing the same clothing as the described Wal-Mart assailant.  Black gloves were found in appellant's car.  Appellant first denied committing the assault and claimed he came straight home from work.  During an interview and on subsequent jail phone calls, however, appellant admitted committing the assault, said police "should lock him up and throw away the key," and admitted faking "amnesia."

{¶7} At the plea hearing, appellee also described appellant's violent sexual history including past convictions for aggravated assault, multiple counts of burglary, and kidnapping, all with sexual motivations.

{¶8} Appellant was charged by indictment with one count of forcible rape pursuant to R.C. 2907.02(A)(2), a felony of the first degree [Count I]; one count of gross sexual imposition pursuant to R.C. 2907.05(A)(1), a felony of the fourth degree [Count II]; and one count of attempted kidnapping pursuant to R.C. 2905.01(A)(4) and 2923.02(A), a felony of the second degree [Count III]. Count I included a sexually-violent predator specification and a repeat violent offender specification. Count III included those specifications and also a sexual-motivation specification.

{¶9} On October 27, 2014, appellant withdrew his previously-entered pleas of not guilty and entered a negotiated plea to Count I, forcible rape. In exchange for appellant's guilty plea, appellee dismissed the specifications to Count I along with Counts II and III in their entirety. The trial court imposed the jointly-recommended prison sentence of 10 years.

{¶10} Appellant now appeals from the trial court's sentencing entry of November 3, 2014.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "I. THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT-APPELLANT'S PLEA OF GUILTY AS IT WAS NOT MADE VOLUNTARILY."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues his guilty plea was not voluntary. We disagree.

{¶14} Generally, a defendant knowingly and voluntarily enters a guilty plea if the trial court advised the defendant of the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge, and that the defendant will be waiving certain constitutional rights by entering his plea. *State v. Kelley*, 57 Ohio St.3d 127, 128-129, 566 N.E.2d 658 (1991).

{¶15} Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant; the Rule prohibits acceptance of a plea of guilty or no contest without performing these duties. *State v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10. The Rule requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–2957, ¶ 11, citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), and *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶16} In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional
>
> rights would invalidate a guilty plea under a presumption that it was

entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20.

{¶17} The trial court's duty to advise a defendant of a "joint recommendation" or "joint agreement" has been found to be a non-constitutional element. In *State v. Sergent*, 11th Dist. No. 2013-L-125, 2015-Ohio-2603, 38 N.E.3d 461, 468-70, ¶53, motion to certify allowed*,* 143 Ohio St.3d 1476, 2015-Ohio-3958, 38 N.E.3d 898, ¶53 (2015),[1] the court addressed the same argument we have here as to the trial court's obligation to explain the meaning of a "joint recommendation:"

Appellant has not cited any case law, and we have not located any, holding that in order for a guilty plea to be voluntary, the trial court must advise the defendant regarding any sentencing recommendations. In fact, Crim.R. 11 does not require a trial court

---

[1] The Ohio Supreme Court granted a motion to certify a conflict upon an unrelated issue in this case. The issue certified is "In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.14(C) in order for its sentence to be authorized by law and thus not appealable?" The conflict cases are *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, and *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759.

to advise the defendant regarding a sentencing recommendation, joint or otherwise, prior to accepting a guilty plea. Thus, pursuant to Crim.R. 11, appellant did not have a right to be advised by the trial court that counsel jointly recommended a sentence of 24 years in prison.

{¶18} In this case, as part of a plea agreement, appellant pleaded guilty to one count of rape, a violation of R.C. 2907.02(A)(2), and the trial court imposed the jointly-recommended term of 10 years. Appellant argues the record contains insufficient evidence that he understood he was pleading to a "joint agreement" including the recommended sentence. We find, however, the record is replete with discussion regarding the parties' agreement to the terms of the negotiated plea.

{¶19} Appellant does not suggest what more the trial court should have done to explain the meaning of a "joint recommendation." Instead, the record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, *State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, ¶ 20. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences. Appellant was represented throughout the hearing and specifically requested that the trial court "accept a recommended sentence of ten years * * *." T. 21. Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea.

{¶20} Moreover, there is no evidence in the record showing that if the court had advised appellant any differently as to the joint recommendation appellant would not have pled guilty and instead would have insisted on going to trial. Thus, even if appellant was entitled to be advised by the court of counsel's joint sentencing recommendation, there is no evidence he was prejudiced. See, *Sergent*, supra, 2015-Ohio-2603 at ¶ 53.

{¶21} A review of the plea hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post release control. Further, the trial court inquired as to the voluntariness of appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, therefore, appellant's sole assignment of error is found to be without merit. *See, State v. Broyles*, 5th Dist. Ashland No. 14-COA-037, 2015-Ohio-4778, ¶¶ 10-13; *State v. Reed*, 5th Dist. Ashland No. 14-COA-010, 2015-Ohio-3534, ¶ 12.

**CONCLUSION**

{¶22} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.