[Cite as *State v. Maurer*, 2019-Ohio-2388.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2018-0042 |
| | : | |
| RICHARD T. MAURER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, case no.
                                CR2018-0068


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         June 13, 2019


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

D. MICHAEL HADDOX                       JAMES A. ANZELMO
MUSKINGUM CO. PROSECUTOR                446 Howland Drive
GERALD V. ANDERSON                      Gahanna, OH 43230
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}  Appellant Richard T. Maurer appeals from the May 24, 2018 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are adduced from appellee's statement of facts at the change-of-plea hearing on April 16, 2018.

{¶3}  This case involves a criminal enterprise in which appellant and associates received large shipments of Tramadol from India, broke the pills down into smaller quantities in Muskingum County, Ohio, and mailed them to "customers" around the U.S.[1]

{¶4}  In October 2016, 2500 doses of Tramadol were intercepted in the mail, destined for an address shared by appellant and a co-defendant. On November 18, 2016, postal employees assisted the co-defendant with the mailing of an unsealed envelope and multiple packs of Tramadol fell out of the envelope.  On December 5, 2016, another parcel destined for appellant's P.O. Box was found to contain 2500 Tramadol pills.

{¶5}  A search warrant was executed at appellant's residence on December 7, 2016, and the co-defendant was found inside the residence with a young child.  Law enforcement found shipping lists of names and addresses for pills to be sent to after processing at the residence.  Tramadol pills were found throughout the house, kitchen, and dining room.   The co-defendant's phone contained information regarding "customers'" names, addresses, and "orders" for pills.  The co-defendant admitted to the existence of a criminal enterprise for the distribution of the pills with appellant and others.

---

[1] References to "Tramadol" throughout indicate the controlled substance that was seized, tested, and determined to contain Tramadol, a Schedule IV substance.

She was paid a salary by the criminal enterprise to assist in processing orders for the pills.

{¶6} Future shipments were diverted by law enforcement. Appellee calculated a total of 59,000 Tramadol pills were intercepted.

{¶7} Appellant was previously convicted of drug possession (methamphetamine) in 2012.

{¶8} Appellant was cooperative with law enforcement throughout this investigation. At sentencing he argued that he believed himself to be involved in "a legitimate online prescription thing" because Tramadol is not generally a drug of abuse and was only recently added to the list of controlled substances. Thus, appellant and his co-defendant took no steps to be secretive, to hide their home address or other details of the mailing operation, and readily shared information with law enforcement.

{¶9} Appellant was charged by indictment with one count of trafficking in drugs pursuant to R.C. 2925.03(A)(1), a felony of the second degree [Count I]; one count of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1), a felony of the first degree [Count II]; and one count of having a weapon while under disability pursuant to R.C. 2923.13(A)(3), a felony of the third degree [Count III]. Count I included a forfeiture specification pursuant to R.C. 2941.1417.

{¶10} On April 16, 2018, appellant withdrew his previously-entered pleas of not guilty and entered pleas of guilty as charged. The trial court thereupon found him guilty and deferred sentencing pending preparation of a pre-sentence investigation.

{¶11} Appellant appeared before the trial court for sentencing on May 23, 2018. The trial court noted appellant had a prior felony conviction, plus pending charges in Perry

County including, e.g., heroin and marijuana trafficking. The trial court imposed sentence as follows: a stated prison term of 7 years upon Count I, a mandatory prison term of 8 years upon Count II, and a stated prison term of 2 years upon Count III. The trial court ordered that the terms are to be served concurrently for a total aggregate prison term of 8 years. The trial court further noted appellant is ordered to serve a mandatory 5-year term of post-release control, and ordered forfeiture of $5300 in cash and a firearm.

{¶12} Appellant now appeals from the journal entries of his convictions and sentence.

{¶13} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. RICHARD MAURER DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶15} "II. THE TRIAL COURT UNLAWFULLY SENTENCED RICHARD MAURER WHEN IT CONSIDERED CHARGES FOR WHICH MAURER WAS NOT CONVICTED, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶16} "III. RICHARD MAURER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶17} In his first assignment of error, appellant argues his guilty pleas were not knowingly, intelligent, or voluntary. We disagree.

{¶18} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant; the Rule prohibits acceptance of a plea of guilty or no contest without performing these duties. *State v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10.

{¶19} Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No. 2011–CA–121, 2012–Ohio–2957, ¶ 11, citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), and *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶20} In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990)]. The test for prejudice is 'whether the plea would have otherwise been made. Id. Under the

substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20, 881 N.E.2d 1224.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

Appellant's specific complaint in the instant case is that the trial court failed to advise him that the prison term upon Count I, drug trafficking, is mandatory. Appellant cites R.C. 2923.13(F)(6) [*sic*] for the proposition that a prison term is mandatory when an appellant has a prior conviction for a felony of the first or second degree.

{¶21} Pursuant to R.C. 2929.13(F)(6), a prison term is mandatory for "[a]ny offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses[.]" The question, though, is whether appellant has a prior conviction of a felony of the first or second degree.

{¶22} We need not reach the substantive issue of whether the trial court substantially complied in its advisements to appellant because we find the argument is not substantiated by the facts in the record: appellant's prison term upon Count I may have been mandatory if he had a prior conviction of a felony of the first or second degree, but we find no evidence in the record that he had any such prior conviction. In fact, the record indicates his prior felony was a fifth-degree drug possession charge.

{¶23} In his argument on appeal, appellant cites to a single line in the trial court's sentencing entry. Appellant states, "The court noted that [appellant] had previously been convicted of a first degree felony, a second degree felony, and a third degree felony. (May 23, 2018 Entry)." (Brief, 1). Our review of the Entry in question reveals that this statement refers to appellant's pleas of guilty to Counts I, II, and III *in the instant case,* which occurred at the change-of-plea hearing prior to the sentencing hearing:

> The Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.12. **The Court finds that the Defendant has previously been found guilty of one (1) felony of the first degree; one (1) felony of the second degree; and one (1) felony of the third degree.** (Emphasis added).

{¶24} The entry goes on to cite the individual counts in the instant case, the relevant code sections, and the penalty degree of the offenses.

{¶25} We find no evidence in the record before us of any prior convictions of felonies of the first or second degree which would require imposition of a mandatory prison term upon Count I. At the change-of-plea hearing, appellee stated appellant's 2012 prior conviction of drug possession was a felony of the fifth degree. (T. 13). At sentencing on May 23, 2018, the trial court stated that it reviewed the P.S.I. and appellant had **a** prior felony conviction "involv[ing] methamphetamines out of an OVI." (T. 11). (Emphasis added). We are therefore unconvinced that appellant has prior convictions of

"a first degree felony, a second degree felony, and a third degree felony" that might implicate a mandatory prison term upon Count I.

{¶26} The record otherwise demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. *State v. Curry*, 5th Dist. Muskingum No. CT2015-0005, 2016-Ohio-401, ¶ 19, citing *State v. Tillman,* 6th Dist. Huron No. H–02–004, 2004–Ohio–1967, ¶ 20. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences. *State v. Waugaman*, 5th Dist. Richland No. 18-CA-19, 2019-Ohio-1103, ¶ 14. Appellant was represented throughout the hearing. *Id.* Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. *Id.* The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea. *Id.*

{¶27} In short, the trial court complied with Crim.R. 11, therefore, appellant's first assignment of error is found to be without merit. *See, State v. Broyles,* 5th Dist. Ashland No. 14–COA–037, 2015–Ohio–4778, ¶¶ 10–13; *State v. Reed,* 5th Dist. Ashland No. 14–COA–010, 2015–Ohio–3534, ¶ 12.

{¶28} The first assignment of error is overruled.

II.

{¶29} In his second assignment of error, appellant argues the trial court unlawfully considered pending criminal charges in another county in fashioning his sentence in the instant case. We disagree.

{¶30} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶

22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

{¶31} Appellant asserts his sentence is "contrary to law" because the trial court considered pending unresolved charges against him in formulating the sentence in the instant case. As noted supra in our statement of facts, the trial court noted that at the time of sentencing, appellant had pending felonies in Perry County including aggravated trafficking in heroin, aggravated possession of drugs, and trafficking in marijuana. The trial court made this observation in response to appellant's claim that he believed himself to be engaged in a legitimate operation in the distribution of Tramadol:

> \* \* \* \*.

> Given your record, given the nature of this case and the size
> of the enterprise that you were involved with—I'm trying to look at

the appropriate words—that somebody is sending you drugs from out of the country and you're repackaging them and sending them on, and to think that's legal kind of boggles the mind. But then you're also involved with getting charges down in Perry County involving heroin and marijuana. Your original felony case involved methamphetamines out of an OVI.

Therefore, the Court finds that the---in regards to the felony of the first degree, the Court will impose an eight-year mandatory sentence; that's seven year[s] on the felony of the second degree; a two-year on the felony of the third degree; order that all those sentences be served concurrently.

* * * *.

T. 11.

{¶32} We do not find evidence in the record that the trial court unduly credited the Perry County charges in formulating the instant sentence. Moreover, appellant points to no case law in support of his assertion that the trial court's sentence is unlawful. Appellant generally cites *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977), for the proposition that offenses for which a defendant has been arrested, but not convicted, carry little, if any, weight during sentencing. We find no evidence in the record that the trial court gave the pending charges undue weight in sentencing in the instant case. Nor does appellant point to any such evidence.

{¶33} The trial court's consideration of the Perry County charges was appropriate because the information was contained in the presentence investigation report made

pursuant to R.C. 2951.03. *State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008, ¶ 16. Additionally, under R.C. 2929.12(D)(1), the trial court was required to consider whether appellant was awaiting trial on other charges at the time of committing the offenses herein. *Id.*

{¶34} We have no basis to find appellant's sentence contrary to law on the grounds presented. Appellant's second assignment of error is overruled.

III.

{¶35} In his third assignment of error, appellant argues he received ineffective assistance of defense trial counsel because counsel failed to request waiver of court costs. We disagree.

{¶36} We note defense trial counsel filed a motion on May 21, 2018, arguing appellant was indigent and moving the trial court not to impose mandatory fines. The trial court granted the motion via judgment entry dated May 22, 2018.

{¶37} Appellant argues, though, that defense trial counsel was ineffective in failing to request a waiver of court costs. This Court considered rejected appellant's argument in *State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, and *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257. We note this issue is currently pending before the Ohio Supreme Court on a certified conflict between *Davis*, supra, and *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. *State v. Davis*, 152 Ohio St. 3d 1441, 2018-Ohio-1600.[2] See also, *State v. Mathis*,

---

[2] The certified question in *Davis* is: "Is trial counsel's failure to file a motion to waive court costs at sentencing ineffective assistance of counsel when defendant has previously been found indigent?"

5th Dist. Muskingum No. CT2018-0011, 2018-Ohio-4090, appeal allowed, 154 Ohio St.3d 1499, 2019-Ohio-345, 116 N.E.3d 154.

{¶38} We find no basis in the instant case to deviate from our prior rulings. Accordingly, we adhere to our prior precedent in *Davis* and *Harris* and overrule appellant's third assignment of error.

## CONCLUSION

{¶39} Appellant's three assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.